UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| ALAN P. CLARK,<br>　　PLAINTIFF | CIVIL ACTION NO.:<br>3:05cv1345(WWE) |
| VS. | |
| TIMOTHY DOWTY,<br>　　IN BOTH HIS INDIVIDUAL AND<br>　　OFFICIAL CAPACITIES;<br>MICHAEL FITZPATRICK,<br>　　IN BOTH HIS INDIVIDUAL AND<br>　　OFFICIAL CAPACITIES;<br>KEVIN WILCOX,<br>　　IN BOTH HIS INDIVIDUAL AND<br>　　OFFICIAL CAPACITIES;<br>MATTHEW REIMONDO,<br>　　IN BOTH HIS INDIVIDUAL AND<br>　　OFFICIAL CAPACITIES; AND<br>THE TOWN OF EAST HAMPTON,<br>　　DEFENDANTS | AUGUST 22, 2005 |

## COMPLAINT

This is an action to redress the excessive and unreasonable use of force against the plaintiff, Alan P. Clark, by defendants Timothy Dowty, Michael Fitzpatrick and Kevin Wilcox, all police officers of the East Hampton Police Department, in violation of plaintiff's rights under the Fourth, Fifth and Fourteenth Amendments of the United States Constitution, as enforced through 42 U.S.C. Sections 1983 and 1988, and the deprivation of plaintiff's liberty without due process of law, in violation of plaintiff's rights under the Fourteenth Amendment.

The plaintiff, Alan P. Clark, also asserts state law claims alleging violations of the Connecticut Constitution; assault and battery; recklessness and maliciousness; negligent infliction of emotional distress; and intentional infliction of emotional distress.

1

The plaintiff, Alan P. Clark, alleges that the defendant, Matthew Reimondo, as Chief of the East Hampton Police Department, and the defendant Town of East Hampton, failed to promulgate and enforce appropriate guidelines, regulations, policies, practices, procedures or customs regarding the use of force against citizens by East Hampton police officers, thereby causing the plaintiff to be unlawfully deprived of his Constitutional rights.

## JURISDICITON AND VENUE

This Court has jurisdiction of the claims for deprivation of constitutional rights under 28 U.S.C. Sections 1331 and 1343 and under 42 U.S.C. Section 1988 and has supplemental jurisdiction over all state law claims under 28 U.S.C. Section 1367.

Venue is proper in this judicial district pursuant to 28 U.S.C. Section 1391 because: (1) all defendants reside within this judicial district, and (2) all of the events giving rise to this Complaint occurred in this judicial district.

## COUNT ONE, AS TO THE DEFENDANTS DOWTY, FITZPATRICK AND WILCOX: PURSUANT TO 42 U.S.C. SECTION 1983

1. The plaintiff, Alan P. Clark, is a citizen of the United States of America and State of Connecticut and resides at 17 Markham Road, East Hampton, Connecticut.

2. The defendant, Timothy Dowty, is and was at all times relevant to this Complaint, a police officer of the East Hampton Police Department, having his principal business address at 20 East High Street, East Hampton, Connecticut, and acted under color of statute, ordinance, regulation, custom or usage of the State of Connecticut. Dowty is being sued in both his individual and official capacities.

3. The defendant, Michael Fitzpatrick, is and was at all times relevant to this Complaint, a police officer of the East Hampton Police Department, having his principal business address at 20 East High Street, East Hampton, Connecticut, and acted under color of statute, ordinance, regulation, custom or usage of the State of Connecticut. Fitzpatrick is being sued in both his individual and official capacities.

4. The defendant, Kevin Wilcox, is and was at all times relevant to this Complaint, a police officer of the East Hampton Police Department, having his principal business address at 20 East High Street, East Hampton, Connecticut, and acted under color of statute, ordinance, regulation, custom or usage of the State of Connecticut. Wilcox is being sued in both his individual and official capacities.

5. The defendant, Matthew Reimondo, is and was at all times relevant to this Complaint, Chief of the East Hampton Police Department, having his principal business address at 20 East High Street, East Hampton, Connecticut, and acted under color of statute, ordinance, regulation, custom or usage of the State of Connecticut. Chief Reimondo is being sued in both his individual and official capacities.

6. The defendant Town of East Hampton is a municipality created and existing as a political subdivision of the State of Connecticut.

7. On or about September 13, 2003, the plaintiff, Alan P. Clark, had an argument with his then wife, Stephanie Clark, which prompted her to leave the family residence situated at 17 Markham Road, East Hampton, Connecticut.

8. Stephanie Clark contacted the East Hampton Police Department to have a police escort accompany her to the family residence in order to get personal belongings.

3

9. Stephanie Clark returned to the family residence accompanied by East Hampton police officers Dowty and Wilcox.

10. At that time, the plaintiff, Alan P. Clark, was present at the family residence, together with his son, David Clark, and his sister, Joan Rice, and her husband, Glenn Rice, both of Middletown, Connecticut.

11. Police officer Wilcox asked to speak with Alan P. Clark about what had happened between himself and Stephanie Clark, asking him the same questions again and again and repeatedly pushing into him.

12. The intensive badgering by police officer Wilcox caused the plaintiff, Alan P. Clark, to break down in tears and walk, then run, to the cow pasture situated on the property after being informed by the police officers that he was not under arrest.

13. Police officers Dowty and Wilcox chased the plaintiff, Alan P. Clark, up to the cow pasture and, without justification, both officers drew their guns and aimed them towards the plaintiff.

14. Police officers Dowty and Wilcox were then joined by East Hampton police officer Fitzpatrick, and the three police officers proceeded to spray the plaintiff, Alan P. Clark, with oleoresin capsicum aerosol ("pepper spray") and beat plaintiff's arms and legs, forcing him to the ground.

15. The police officers handcuffed the plaintiff, Alan P. Clark, as he lay on the ground.

16. Police officer Wilcox then proceeded to repeatedly hit Alan P. Clark's head with a metal flashlight, causing severe wounds to plaintiff's head.

17. The police officers then placed the plaintiff, Alan P. Clark, in a police cruiser which remained parked at the scene for approximately an hour before the plaintiff was taken to the Marlborough Medical Center for treatment of his head injuries, which required fourteen staples to close the wounds.

18. Without probable cause, the plaintiff, Alan P. Clark, was arrested and charged with two counts of Threatening in the Second Degree, Conn. Gen. Stat. Sec. 53a-62, two counts of Interfering with a Police Officer, Conn. Gen. Stat. Sec. 53a-167a, and Disorderly Conduct, Conn. Gen. Stat. Sec. 53a-182, all of which charges were subsequently nolled and then dismissed in the Middletown Superior Court, G.A. 9.

19. As a result of the conduct of the defendants Dowty, Fitzpatrick and Wilcox, the plaintiff, Alan P. Clark, sustained personal injuries, some or all of which may be permanent in nature, including but not limited to the following:

    a.     severe wounds to the scalp of his head;

    b.     contusions to his arms, legs and torso; and

    c.     emotional distress and psychological pain and suffering.

Due to said personal injuries, the plaintiff was found to miss time from work and engage in psychological therapy.

20. Defendants Dowty, Fitzpatrick and Wilcox caused the plaintiff, Alan P. Clark, to be unlawfully deprived of rights secured to him by the United States Constitution in on or more of the following ways:

    a.     The defendant police officers used an excessive and unreasonable amount of force against the plaintiff, in violation of plaintiff's right under the Fourth,

5

Fifth and Fourteenth Amendments of the United States Constitution as enforced through 42 U.S.C. Section 1983 and 1988;

b.  The defendant police officers acted toward the plaintiff, Alan P. Clark, with the intent to deprive him of his liberty, privileges, or immunities without due process of law, in violation of plaintiff's right under the Fourteenth Amendment of the United States Constitution; and

c.  The defendant police officers acted toward the plaintiff, Alan P. Clark, with the intent to deprive him of his rights under the Fourth Amendment of the United States Constitution to be free of unreasonable arrest.

## COUNT TWO, AS TO DEFENDANTS DOWTY, FITZPATRICK AND WILCOX: VIOLATION OF THE CONNECTICUT CONSTITUTION

1-19.  Paragraphs 1 through 19, inclusive, of Count One are hereby incorporated into this Count Two as if fully set forth herein.

20.  The defendant police officers, Dowty, Fitzpatrick and Wilcox, unlawfully deprived the plaintiff, Alan P. Clark, of rights secured to him by the Connecticut Constitution in one or more of the following ways: The excessive and unreasonable use of force and arrest without probable cause were unlawful, in violation of Article First, Sections 8 and 9 of the Connecticut Constitution.

## COUNT THREE, AS TO DEFENDANTS DOWTY, FITZPATRICK AND WILCOX: ASSAULT AND BATTERY

1-19.  Paragraphs 1 through 19, inclusive, of Count One are hereby incorporated into this Count Three as if fully set forth herein.

20. The defendant police officers, Dowty, Fitzpatrick and Wilcox, forcefully restrained, threatened and touched the plaintiff, Alan P. Clark, with the intention of putting the plaintiff in apprehension of imminent serious bodily harm or death.

21. The defendant police officers, Dowty, Fitzpatrick and Wilcox, intended to touch and did in fact touch plaintiff's person in a manner offensive and harmful to the plaintiff.

22. As a result of the conduct by the defendant police officers, the plaintiff, Alan P. Clark, was in fact put in apprehension of imminent serious bodily harm or death.

23. The conduct by the defendant police officers, Dowty, Fitzpatrick and Wilcox, constituted assault and battery upon the plaintiff, Alan P. Clark.

24. The personal injuries and losses complained of by the plaintiff were the direct and proximate result of said assault and battery.

## COUNT FOUR, AS TO DEFENDANTS DOWTY, FITZPATRICK AND WILCOX: RECKLESSNESS AND MALICIOUSNESS

1-19. Paragraphs 1 through 19, inclusive, of Count One are hereby incorporated into this Count Four as if fully set forth herein.

20. The defendant police officers, Dowty, Fitzpatrick and Wilcox, were reckless and malicious in one or more of the following ways:

    a. They arrested the plaintiff without legal probable cause or justification;

    b. They restrained and assaulted the plaintiff without justification or provocation;

7

    c. They each used excessive and unreasonable force against the plaintiff and failed or refused to act to prevent each other defendant from using excessive and unreasonable force against the plaintiff; and

    d. They failed to obtain proper and timely medical treatment for the plaintiff.

21. The personal injuries and losses complained of by the plaintiff were the direct and proximate result of said recklessness and maliciousness.

## COUNT FIVE, AS TO DEFENDANTS DOWTY, FITZPATRICK AND WILCOX: NEGLIGENCE

1-19. Paragraphs 1 through 19, inclusive, of Count One are hereby incorporated into this Count Five as if fully set forth herein.

20. The defendant police officers, Dowty, Fitzpatrick and Wilcox, were negligent in one or more of the following ways:

    a. They arrested the plaintiff without legal probable cause or justification;

    b. They restrained and assaulted the plaintiff without justification or provocation;

    c. They each used excessive and unreasonable force against the plaintiff and failed or refused to act to prevent each other defendant from using excessive and unreasonable force against the plaintiff; and

    d. They failed to obtain proper and timely medical treatment for the plaintiff.

21. The personal injuries and losses complained of by the plaintiff were the direct and proximate result of said negligence.

8

## COUNT SIX, AS TO DEFENDANTS DOWTY, FITZPATRICK AND WILCOX: NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

1-19. Paragraphs 1 through 19, inclusive, of Count One are hereby incorporated into this Count Six as if fully set forth herein.

20. The defendant police officers, Dowty, Fitzpatrick and Wilcox, each knew or should have known that his acts and omissions as alleged herein involved an unreasonable risk of causing emotional distress to the plaintiff, Alan P. Clark.

21. As a direct and proximate result of said acts or omissions, the plaintiff suffered emotional distress.

## COUNT SEVEN, AS TO DEFENDANTS DOWTY, FITZPATRICK AND WILCOX: INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

1-19. Paragraphs 1 through 19, inclusive, of Count One are hereby incorporated into this Count Seven as if fully set forth herein.

20. The defendant police officers, Dowty, Fitzpatrick and Wilcox, intended to inflict severe emotional distress to the plaintiff, Alan P. Clark, and each knew or should have known at all times that his acts and omissions as alleged herein would result in severe emotional distress to the plaintiff.

21. The acts and omissions of the defendant police officers, each of them, were extreme and outrageous.

22. As a direct and proximate result of said acts or omissions, the plaintiff suffered emotional distress.

## COUNT EIGHT, AS TO DEFENDANT CHIEF MATTHEW REIMONDO: PURSUANT TO U.S.C. SECTIONS 1983 and 1988

1-20. Paragraphs 1 through 20, inclusive, of Count One are hereby incorporated into this Count Eight as if fully set forth herein.

21. At all relevant times, the defendant police officers, Dowty, Fitzpatrick and Wilcox, were under the control and direction of the East Hampton Police Department and its Chief, the defendant Matthew Reimando.

22. The defendant, Matthew Reimando, failed to secure to the plaintiff, unlawfully deprived the plaintiff, or caused the plaintiff to be unlawfully deprived of rights secured to him by the United States Constitution and 42 U.S.C. Sections 1983 and 1988 in one or more of the following ways:

a. The defendant failed or refused to promulgate and enforce appropriate guidelines, regulations, policies, practices, procedures or customs regarding the arrests of persons by East Hampton police officers;

b. The defendant filed or refused to promulgate and enforce appropriate guidelines, regulations, policies, practices, procedures or customs regarding the use of force against persons by East Hampton police officers;

c. The defendant failed or refused to promulgate and enforce appropriate guidelines, regulations, policies, practices, procedures or customs regarding the furnishing of medical attention to persons in official custody by East Hampton police officers;

d. The defendant failed or refused to adequately train East Hampton police officers in the performance of their duties and conduct toward persons;

e. The defendant failed or refused to adequately supervise East Hampton police officers in the performance of their duties and conduct towards persons; and

f. The defendant failed or refused to take appropriate disciplinary action against the defendant East Hampton police officers for their unlawful conduct against the plaintiff, Alan P. Clark.

## COUNT NINE, AS TO THE DEFENDANT TOWN OF EAST HAMPTON: PURSUANT TO 42 U.S.C. SECTIONS 1983 AND 1988

1-22. Paragraphs 1 through 22, inclusive of Count Eight are hereby incorporated into this Count Nine as if fully set forth herein.

23. The defendant Town of East Hampton failed to secure to the plaintiff, unlawfully deprived the plaintiff, or caused the plaintiff to be unlawfully deprived of rights secured to him by the United States Constitution and 42 U.S.C. Sections 1983 and 1988, in one or more of the following ways:

a. The defendant Town of East Hampton, its employees, representatives or agents, failed or refused to promulgate and enforce appropriate guidelines, regulations, policies, practices, procedures or customs regarding the arrests of persons by East Hampton police officers;

b. The defendant Town of East Hampton, its employees, representatives or agents, failed or refused to promulgate and enforce appropriate guidelines, regulations, policies, practices, procedures or customs regarding the use of force against persons by East Hampton police officers;

c. The defendant Town of East Hampton, its employees, representatives or agents, failed or refused to promulgate and enforce appropriate guidelines, regulations,

policies, practices, procedures or customs regarding the furnishing of medical attention to persons in official custody by East Hampton police officers;

d. The defendant Town of East Hampton, its employees, representatives or agents, failed or refused to adequately train East Hampton police officers in the performance of their duties and conduct toward persons;

e. The defendant Town of East Hampton, its employees, representatives or agents, failed or refused to adequately supervise East Hampton police officers in the performance of their duties and conduct towards persons; and

f. The defendant Town of East Hampton, its employees, representatives or agents, failed or refused to take appropriate disciplinary action against the defendant East Hampton police officers for their unlawful conduct against the plaintiff, Alan P. Clark.

## COUNT TEN, AS TO THE DEFENDANT TOWN OF EAST HAMPTON: PURSUANT TO CONN. GEN. STAT. § 52-557n

1. The defendant police officers, Dowty, Fitzpatrick and Wilcox, were negligent as alleged in Count Five of this Complaint.

2. The defendant police officers, Dowty, Fitzpatrick and Wilcox were negligent in the infliction of emotional distress on the plaintiff, as alleged in Count Six of this Complaint.

3. Pursuant to Conn. Gen. Stat. § 52-557n, the defendant Town of East Hampton is legally liable for the injuries and losses suffered by the plaintiff as a result of the negligent acts and omissions of any employee, officer or agent thereof acting within the scope of his employment or official duties, as complained of in this Complaint.

12

## COUNT ELEVEN, AS TO DEFENDANT TOWN OF EAST HAMPTON: RESPONDENT SUPERIOR

1-20. Paragraphs 1 through 20, inclusive, of Count One are hereby incorporated into this Count Eleven as if fully set forth herein.

21. Under the theory of respondent superior, the defendant Town of East Hampton is legally liable for all injuries and losses suffered by the plaintiff as a result of the conduct of the defendant police officers, Dowty, Fitzpatrick and Wilcox.

## COUNT TWELVE, AS TO THE DEFENDANT TOWN OF EAST HAMPTON: INDEMNIFICATION PURSUANT TO CONN. GEN. STAT. § 7-465

1-22. Paragraphs 1 through 22, inclusive of Count Eight are hereby incorporated into this Count Twelve as if fully set forth herein.

23. The defendant Town of East Hampton is legally liable to pay on behalf of the defendant police officers, Dowty, Fitzpatrick and Wilcox, and defendant, Chief Matthew Reimondo, all sums which each becomes obligated to pay by reason of liability being imposed upon such employee by law for damages awarded for the infringement of the civil rights and physical damages to the person or property of the plaintiff pursuant to Conn. Gen. Stat. § 7-465.

WHEREFORE, the plaintiff, Alan P. Clark, claims:

1. Monetary damages of not less than one million dollars;

2. Punitive damages;

3. Attorney's fees and costs as provided by 42 U.S.C. § 1988

4. Indemnification pursuant to Conn. Gen. Stat. § 7-465; and

5. Such other relief in law or equity as the Court may deem appropriate.

## JURY IN DEMAND

The plaintiff, Alan P. Clark, hereby demands a jury trial on all Counts of this Complaint.

Dated at East Hartford, Connecticut this 22nd day of August, 2005.

PLAINTIFF, ALAN P. CLARK

By_____
Brian J. Woolf, Esq
THE LAW OFFICES OF BRIAN J. WOOLF, LLC
50 Founders Plaza
East Hartford, CT 06108
Tel. No. (860) 290-8690
Fax No. (860) 290-8697
Federal Bar No.: 10227
His Attorneys

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| ALAN P. CLARK,<br>　PLAINTIFF | CIVIL ACTION NO.: |
| VS. | 305CV1345 WWE |
| TIMOTHY DOWTY,<br>　IN BOTH HIS INDIVIDUAL AND<br>　OFFICIAL CAPACITIES;<br>MICHAEL FITZPATRICK,<br>　IN BOTH HIS INDIVIDUAL AND<br>　OFFICIAL CAPACITIES;<br>KEVIN WILCOX,<br>　IN BOTH HIS INDIVIDUAL AND<br>　OFFICIAL CAPACITIES;<br>MATTHEW REIMONDO,<br>　IN BOTH HIS INDIVIDUAL AND<br>　OFFICIAL CAPACITIES; AND<br>THE TOWN OF EAST HAMPTON,<br>　DEFENDANTS | AUGUST 22, 2005 |

Please take notice that petitioner have manually filed the following documents:

Civil Cover Sheet and Complaint

These documents have not been filed electronically because:

[X]　the document or thing cannot be converted to an electronic format
[ ]　the electronic file size of the document exceeds 1.5 megabytes
[ ]　the document or thing is filed under seal pursuant to Local Rule of Civil
　　 Procedure 5(d) or Local Rule of Criminal Procedure 67(b)
[ ]　Plaintiff/Defendant is excused from filing this document or thing by Court order.

There are no appearing defendants at this time.

PLAINTIFF, ALAN P. CLARK

By_____
Brian J. Woolf, Esq.
THE LAW OFFICES OF BRIAN J. WOOLF, LLC
50 Founders Plaza
East Hartford, CT 06108
Tel. No. (860) 290-8690
Fax No. (860) 290-8697
Federal Bar No.: 10227
His Attorneys