UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

ALAN P. CLARK : 3:05cv1345 (WWE)
    Plaintiff, :
 :
Vs. :
 :
TIMOTHY DOWTY, MICHAEL :
FITZPATRICK, KEVIN WILCOX, :
JARED BOYNTON, :
MATTHEW REIMONDO, AND :
THE TOWN EAST HAMPTON : JANUARY 13, 2006
    Defendants.

## ANSWER TO AMENDED COMPLAINT DATED 11/1/05

1)     The introduction to the Amended Complaint is denied.

**COUNT ONE:**

    1)     Paragraphs 1, 7, 8, 9, 10, 11 and 16 are admitted.

    2)     Paragraphs 13, 14, 15, 17, 19, 20 and 21 are denied.

    3)     The defendant **Timothy Dowty** admits so much of Paragraph 2 as alleges, "The defendant, Timothy Dowty, is and was at all times relevant to this Complaint, a police officer of the East Hampton Police Department, having his principal business address at 20 East High Street, East Hampton, Connecticut, and acted under color of statute, ordinance, regulation, custom or usage of the State of Connecticut." As to the remaining allegations contained in Paragraph 2, the defendant Timothy

Dowty has insufficient knowledge or information with which to form an opinion or belief and leaves the plaintiff to his proof.

4) The defendant, **Michael Fitzpatrick** admits so much of Paragraph 3 as alleges, "The defendant, Michael Fitzpatrick, is and was at all times relevant to this Complaint, a police officer of the East Hampton Police Department, having his principal business address at 20 East High Street, East Hampton, Connecticut, and acted under color of statute, ordinance, regulation, custom or usage of the State of Connecticut." The defendant Michael Fitzpatrick denies the remainder of Paragraph 3.

5) The defendant, **Kevin Wilcox** admits so much of Paragraph 4 as alleges, "The defendant, Kevin Wilcox, is and was at all times relevant to this Complaint, a police officer of the East Hampton Police Department, having his principal business address at 20 East High Street, East Hampton, Connecticut, and acted under color of statute, ordinance, regulation, custom or usage of the State of Connecticut." As to the remaining allegations contained in Paragraph 4, the defendant Kevin Wilcox has insufficient knowledge or information with which to form an opinion or belief and leaves the plaintiff to his proof.

6) The defendant, **Jared Boynton** admits so much of Paragraph 5 as alleges, "The defendant, Jared Boynton, is and was at all times relevant to this Complaint, a police officer of the East Hampton Police Department, having his principal business address at 20 East High Street, East Hampton, Connecticut, and acted under color of statute, ordinance, regulation, custom or usage of the

State of Connecticut." As to the remaining allegations contained in Paragraph 5, the defendant Jared Boynton has insufficient knowledge or information with which to form an opinion or belief and leaves the plaintiff to his proof.

7) The defendant, **Matthew Reimondo** admits so much of Paragraph 6 as alleges, "The defendant, Matthew Reimondo, is and was at all times relevant to this Complaint, a police officer of the East Hampton Police Department, having his principal business address at 20 East High Street, East Hampton, Connecticut, and acted under color of statute, ordinance, regulation, custom or usage of the State of Connecticut." As to the remaining allegations contained in Paragraph 6, the defendant Matthew Reimondo has insufficient knowledge or information with which to form an opinion or belief and leaves the plaintiff to his proof.

8) The defendants deny so much of Paragraph 12 as alleges, "asking him the same questions again and again and repeatedly pushing into him." The remainder of Paragraph 12 is admitted.

9) The defendants deny so much of Paragraph 18 as alleges, "which remained parked at the scene for approximately one hour." The defendants admit so much of Paragraph 18 as alleges, "The police officers then placed the plaintiff, Alan P. Clark, in a police cruiser…before the plaintiff was taken to the Marlborough Medical Center for treatment of his head injuries, which required…staples to close the wounds." As to how many staples it took to close the plaintiff's wounds, the defendants have

insufficient knowledge or information with which to form an opinion or belief and leave the plaintiff to his proof.

**COUNT TWO:**

    1)    Paragraphs 1 through 20 of Count Two are responded to as in Paragraphs 1 through 20 of Cont One, as if fully set forth herein.

    2)    Paragraph 21 is denied.

**COUNT THREE:**

    1)    Paragraphs 1 through 20 of Count Three are responded to as in Paragraphs 1 through 20 of Count One as if fully set forth herein.

    2)    Paragraphs 21, 22, 23, 24 and 25 are denied.

**COUNT FOUR:**

    1)    Paragraphs 1 through 20 of Count Four are responded to as in Paragraphs 1 through 20 of Count One as if fully set forth herein.

    2)    Paragraphs 21 and 22 are denied.

**COUNT FIVE:**

    1)    Paragraphs 1 through 20 of Count Five are responded to as in Paragraphs 1 through 20 of Count One as if fully set forth herein.

    2)    Paragraphs 21 and 22 are denied.

**COUNT SIX:**

1) Paragraphs 1 through 20 of Count Six are responded to as in Paragraphs 1 through 20 of Count One as if fully set forth herein.

2) Paragraphs 21 and 21(sic) are denied.

**COUNT SEVEN:**

1) Paragraphs 1 through 20 of Count Seven are responded to as in Paragraphs 1 through 20 of Count One as if fully set forth herein.

2) Paragraphs 21, 22 and 23 are denied.

**COUNT EIGHT:**

1) Paragraphs 1 through 21 of Count Eight are responded to as in Paragraphs 1 through 21 of Count One as if fully set forth herein.

2) Paragraphs 22, 23 and 24 are denied.

**COUNT NINE:**

1) Paragraphs 1 through 24 of Count Nine are responded to as in Paragraphs 1 through 24 of Count One as if fully set forth herein.

2) Paragraphs 25 and 26 are denied.

**COUNT TEN:**

1) Paragraphs 1, 2 and 3 are denied.

**NOBLE, SPECTOR, YOUNG & O'CONNOR, P.C.** • ATTORNEYS AT LAW
ONE CONGRESS STREET • HARTFORD CT 06114-1067 • JURIS NO. 409138 • TEL: (860) 525-9975 • FAX: (860) 525-9985

## COUNT ELEVEN:

1) Paragraphs 1 through 21 of Count Eleven are responded to as in Paragraphs 1 through 21 of Count One as if fully set forth herein.

2) Paragraph 22 is denied.

## COUNT TWELVE:

1) Paragraphs 1 through 24 of Count Twelve are responded to as in Paragraphs 1 through 24 of Count One as if fully set forth herein.

2) Paragraph 25 is denied.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The actions and conduct of the defendants, to the extent they occurred as alleged, were objectively reasonable under the circumstances of which defendants were aware, and they enjoy qualified immunity from all liability therefore.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrine of governmental immunity.

### THIRD AFFIRMATIVE DEFENSE

Any injury or damages suffered by the plaintiff, to the extent actually incurred, were caused by reason of plaintiff's own wrongful and unlawful acts, reckless misconduct, and negligence.

DEFENDANTS: Timothy Dowty, et al.


By: _____
    Christopher G. Arciero
    Federal Bar ct09199
    Noble, Spector, Young & O'Connor, PC
    One Congress Street
    Hartford, CT 06114
    860-525-9975
    spector@nsyolaw.com

## **CERTIFICATION**

This is to certify that a copy of the foregoing has been mailed to the following counsel of record this 13th day of January, 2006:

Brian J. Woolf, Esquire
50 Founders Plaza
East Hartford, CT 06108

                          _____
                            Christopher G. Arciero