UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| ALAN P. CLARK | : | 3:05cv1345 (WWE) |
| Plaintiff, | : | |
| | : | |
| Vs. | : | |
| | : | |
| TIMOTHY DOWTY, KEVIN WILCOX, | : | |
| JARED BOYNTON AND | : | |
| THE TOWN EAST HAMPTON | : | NOVEMBER 9, 2007 |
| Defendants. | | |

## JOINT TRIAL MEMORANDUM

### 1.    TRIAL COUNSEL

**Plaintiff:** Brian J. Woolf, Esq., The Law Offices of Brian J. Woolf, LLC, 50 Founders Plaza, East Hartford, CT 06108, Telephone (860) 290-8690, Facsimile (860) 290-8697.

**All Defendants:** Elliot Spector and David C. Yale, Noble, Spector, Young and O'Connor, PC, 1 Congress Street, Hartford, CT 06114, Telephone 860-525-9975, facsimile 860-535-9985

### 2.    JURISDICTION

The basis for the court's subject matter jurisdiction is Sections 1331, 1343(3) and 1367(a)

of Title 28 and Sections 1983 and 1988 of Title 42 of the United States Code.

### 3.    JURY-NONJURY

The case has been claimed to a jury.

### 4.    LENGTH OF TRIAL

The parties estimate that approximately 3 days of evidence will be required.

### 5.    FURTHER PROCEEDINGS

None anticipated at this time.

## 6.   NATURE OF CASE

### A.   Nature of plaintiff's case.

Count One, as to defendants Wilcox and Boynton, seeks damages for their excessive and unreasonable use of force against the plaintiff, in violation of the plaintiff's rights under the Fourth, Fifth and Fourteenth Amendments of the United States Constitution as enforced through 42 U.S.C. Sections 1983 and 1988.

Count Two, as to defendants Wilcox and Boynton, seeks damages for their excessive and unreasonable use of force in violation of Article First, Sections 7 and 8 of the Connecticut Constitution.

Count Three, as to defendants Wilcox and Boynton, seeks damages under a state law claim for assault and battery.

Court Four, as to defendants Dowty, Wilcox and Boynton, seeks damages under a state law claim of recklessness and maliciousness for restraining and assaulting the plaintiff without justification or provocation; for using excessive and unreasonable force against the plaintiff and for failing or refusing to not to prevent each other defendant from using excessive and unreasonable force against the plaintiff; for failing to obtain proper and timely medical treatment for the plaintiff.

Count Five, as to defendants Dowty, Wilcox and Boynton, seeks damages under a state law claim of intentional infliction of emotional distress.

Count Six, as to the defendant Town of East Hampton, seeks damages for said town's liability for injuries and losses suffered by the plaintiff as a result of the negligent acts and omissions of any employee pursuant to Conn. Gen. Stat. Sec. 52-557n.

Count Seven, as to the defendant Town of East Hampton, seeks damages under the theory of respondeat superior.

## Plaintiff's Contentions

On or about September 13, 2003, the plaintiff had an argument with his then wife, Stephanie Clark, which prompted her to leave the family residence situated at 17 Markham Road, East Hampton, Connecticut. She contacted the East Hampton Police Department to have a police escort accompany her to the family residence in order to get personal belongings and returned to it accompanied by East Hampton police officers Dowty and Wilcox. At that time, the plaintiff was present at the family residence, together with his son, his sister and his brother-in-law.

Police officer Wilcox asked to speak with Alan P. Clark about what had happened between himself and Stephanie Clark, asking him the same questions again and again and repeatedly pushing into him. The intensive badgering by police officer Wilcox caused the plaintiff to break down in tears and walk, then run, to the cow pasture situated on the property after being informed by the police officers that he was not under arrest. Police officers Dowty and Wilcox chased the plaintiff up to the cow pasture and, without justification, both officers drew their guns and aimed them toward the plaintiff.

Police officers Dowty and Wilcox were then joined by East Hampton police officer Boynton, and the police officers proceeded to spray the plaintiff with oleoresin capsicum aerosol ("pepper spray") and beat the plaintiff's arms and legs, forcing him to the ground. The police officers handcuffed him as he laid on the ground. Police officer Wilcox then proceeded to repeatedly hit plaintiff's head with a metal flashlight, causing severe wounds to his head, which were treated at Marlborough Medical Center, requiring approximately fourteen (14) staples to close the wounds.

As a result of the conduct of the defendants, the plaintiff sustained personal injuries, some or all of which may be permanent in nature, including but not limited to the following:

      a.     severe wounds to the scalp of his head;

      b.     contusions to his arms, legs and torso; and

      c.     emotional distress and psychological pain and suffering.

Due to said personal injuries, the plaintiff was forced to miss approximately three weeks from work and engaged in psychological therapy.

**C.**     **Defendants' Contentions:** On September 13, 2003, at approximately 8:00 p.m., Plaintiff's wife Stephanie Clark went to the East Hampton Police Department and requested an escort to her house due to an earlier argument she had with the Plaintiff. Ms. Clark told the police that during the argument, the Plaintiff punched a bedroom door, breaking it. Ms. Clark also told

the police that the Plaintiff owned firearms and placed a pistol in the waistband of his pants during their argument. Stephanie Clark signed a written statement concerning these facts at that time.

East Hampton Police Officers Dowty and Wilcox escorted Ms. Clark to her house. Upon arrival at the house, Officers Dowty and Wilcox met the Plaintiff on his back deck. They informed him why they were there. Plaintiff gave a different account of the earlier events between himself and Ms. Clark. Plaintiff became agitated toward the officers and denied he owned any firearms. Plaintiff then ran away from the Officers. The Officers followed the Plaintiff. Plaintiff's son and sister tried to impede the officers' direction of travel toward the Plaintiff. Plaintiff jumped over a fence into a livestock paddock. The Officers followed the Plaintiff over the fence. Plaintiff's son followed the officers. Plaintiff's son interfered with the Officers. When Officer Wilcox went to arrest Plaintiff's son, the son began to physically resist the arrest. Officer Dowty went to assist Officer Wilcox in an effort to arrest Plaintiff's son.

Plaintiff then arrived at the site of his son's arrest and threatened the officers. Around that time Officer Boynton arrived at the scene. At that point Officer Wilcox went to arrest the Plaintiff. Plaintiff resisted the efforts of Officer Wilcox and Officer Boynton to arrest him. Due to Plaintiff's physical resistance, Officer Wilcox and Boynton used the necessary and reasonable force to defend themselves and arrest the Plaintiff.

Plaintiff suffered some injuries during the arrest and was taken to a medical facility for treatment.

The Defendants assert that they had ample probable cause for Plaintiff's arrest and only used the necessary force to protect themselves against the Plaintiff's violent resistance and assualtive behavior.

7.  **TRIAL BY MAGISTRATE JUDGE**

The parties have not agreed to have the case tried by a United States Magistrate.

8.  **LIST OF WITNESSES**

A.  **Plaintiff's Expected Witnesses:**

1.  Joan Rice, 41 Bielefield Road, Middletown, CT 06457

2.  Glenn Rice, 41 Bielefield Road, Middletown, CT 06457

3.  David A. Clark, 37 Ola Avenue, East Hampton, CT 06424

4.  Peter Engle, Jr., 7 Markham Road, East Hampton, CT 06424

5.  Stephanie Clark, 309 Main Street, Newington, CT

6.  Craig Ryan, M.D, Marlborough Medical Center of Middlesex Hospital, Hebron Road, Marlborough, CT

7.  Mark D. Tuttle, M.D., Marlborough Family Practice Center, 14 Jones Hollow Road, Marlborough, CT

8.  Susan S. Buchek, M.D., Marlborough Family Practice Center, 14 Jones Hollow Road, Marlborough, CT

9.  Susan R. Uber, PhD, 109 Broad Street, Middletown, CT

10.     Any and all witnesses listed by the defendants.

11.     Sgt. Nick Popiti, Connecticut State Police

12.     The plaintiff, Alan P. Clark

**B.      Defendants' Expected Witnesses:**

1.      Any and all witnesses listed by the plaintiffs.

2.      All of the individual defendants

3.      Stephanie Clark

4.      Connecticut State Police Trooper Acosta

5.      East Hampton Sergeant Garrit Kelly

## 9.     DEPOSITION TESTIMONY

None anticipated.

## 10.    EXHIBITS

### A.      Plaintiff's Expected Exhibits:

1.      All East Hampton Police reports, supplemental reports and records concerning the
subject incident.

2.      Middlesex Hospital – Marlborough Medical Center records, reports and bills
concerning the Plaintiff's injuries and treatment.

3.      All records, reports and bills of Mark D. Tuttle, M.D., and Susan S. Buchck, M.D.
of Marlborough Family Practice Center concerning the plaintiff's injuries and treatment.

4.     All records, reports and bills of Susan R. Uber, PhD., concerning her psychological therapy with the plaintiff.

    **B.**    **Defendants' Expected Exhibits:**

        **1.**    All East Hampton Police reports, supplemental reports and records concerning the subject incident

        2.    Stephanie Clarks written statement of 09/13/03

        3.    Middlesex Hospital-Marlborough Medical Center records concerning the Plaintiff's injuries and treatment.

## 11.    ANTICIPATED EVIDENTIARY PROBLEMS/MOTIONS IN LIMINE

    **A.**    **As To Plaintiffs:**

        No anticipated evidentiary problems at this time.

    **B.**    **As to Defendants:**

        1.    Defendants will move to preclude all reference to disciplinary proceedings, internal affairs complaints or unrelated civil actions involving any defendant(s).

        2.    Defendants will move to preclude all reference to indemnification of the individual defendants by the defendant, Town of East Hampton.

        3.    Defendants will move to preclude any testimony as to the appropriate standard of first aid care for any injuries suffered by the Plaintiff except through expert testimony.

## 12.    STIPULATIONS OF FACT AND LAW

**A.** **Facts:** It is admitted by both parties that Alan P. Clark is an adult citizen of the United States, that the defendants are police officers in the Town of East Hampton Town, Connecticut, that they are sued in their individual capacities, that at all times mentioned in the Complaint, the defendants were acting under color of law, this is under color of the constitution, statutes, laws, rules, regulations, customs and usages of the State of Connecticut, and that on September 13, 2003, at 17 Markham Road in East Hampton, the defendants made a warrantless arrest of Alan P. Clark which was supported by probable cause..

Stephanie Clark made a complaint to the East Hampton Police Department claiming the Plaintiff had threatened her and asking for an escort to pick up belongings at their house. During the course of making her complaint she gave a written statement that the Plaintiff had firearms in the house and had placed what she described in her written statement as a pistol in the waistband of his pants.

The plaintiff was treated for lacerations to the head and received approximately 14 staples at the Marlborough Medical Center.

## 13.   TRIAL TO JURY

**A.   Proposed Voire Dire Question:**

      See attached submissions by each party.

**B.   Proposed Jury Instructions:**

      See attached submissions by each party.

**C.   Jury Interrogatories/Verdict Form:**

[To be submitted].

PLAINTIFF, ALAN P. CLARK

BY_____

Brian J. Woolf, Esq.
THE LAW OFFICES OF BRIAN J.WOOLF, LLC
50 Founders Plaza
East Hartford, CT 06108
Tel. No. (860) 290-8690
Federal Bar No.: 10227
His Attorneys

DEFENDANTS, TIMOTHY DOWTY, ET AL

BY_____

David C. Yale, Esq.
Noble, Spector, Young and O'Connor, PC
1 Congress Street
Hartford, CT 06114
Tel. No.(860) 525-9975
Fax (860) 525-9985

UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| ALAN P. CLARK | : | CIVIL ACTION NO.: |
| PLAINTIFF | : | 3:05CV1345(WWE) |
| | : | |
| VS. | : | |
| | : | |
| TIMOTHY DOWTY, KEVIN WILCOX, | : | |
| JARED BOYNTON, AND | : | |
| THE TOWN OF EAST HAMPTON, | : | NOVEMBER 9, 2007 |
| DEFENDANTS | : | |

## PLAINTIFF'S PRELIMINARY REQUESTS FOR JURY INSTRUCTIONS

Pursuant to the Court's Pre-Trial Order, the plaintiff, Alan P. Clark, in the above-captioned matter respectfully requests that the Court instruct the jury as follows. The plaintiff also requests permission to supplement or revise these instructions as necessary prior to and during trial.

## STANDARD OF PROOF

In order to meet his or her burden of proof, a party must satisfy you that his or her claims on an issue are more probable than not. You may have heard in criminal cases that proof must be beyond a reasonable doubt, but I can emphasize to you that this is not a criminal case, and you are not deciding criminal guilt or innocence. In civil cases such as this one, a different standard of proof applies. The party who asserts a claim has the burden of proving it by a fair preponderance of the evidence, that is, the better or weightier evidence must establish that more probably than not, the assertion is true. In weighing the evidence, keep in mind that it is the quality and not the quantity of evidence that is important; one piece of believable

evidence may weigh so heavily in your mind as to overcome a multitude of less credible evidence. The weight to be accorded each piece of evidence is for you to decide.

As an example of what I mean, imagine in your mind the scales of justice. Put all the credible evidence on the scales regardless of which party offered it, separating the evidence favoring each side. If the scales remain even, or if they tip against the party making the claim, then that party has failed to establish that assertion. Only if the scales incline, even slightly, in favor of the assertion may you find the assertion has been proved by a fair preponderance of the evidence.

### AUTHORITY

Tianti v. William Raveis Real Estate, Inc., 231 Conn. 690, 702 (1995); Holmes v. Holmes, 32 Conn. App. 317, 318, cert. denied, 228 Conn. 902 (1993). Connecticut Civil Jury Instructions, Section 1-36.

**POLICE BRUTALITY** (Violation of 42 USC § 1983 Use of Excessive Force)

The plaintiff claims that the defendants violated his constitutional right not to be subjected to use of excessive force by a police officer. He brings this claim under a federal law, 42 U.S. Code § 1983, that provides that a person acting under color of state law who violates a person's rights under the United States Constitution can be held liable for money damages to the person whose rights he violated.

In order to prove this claim, the plaintiff must prove:

First, that the defendants were acting under color of state law.

Second, that the defendants engaged in actions that deprived him of his constitutional right not to be subjected to use of excessive force, and

Third, that the defendants' acts were the proximate cause of the injuries or losses claimed by the plaintiff.

The first element, acting under color of state law, is not in dispute. Police officers get their authority under state law, so they are acting under color of state law when they act in their capacity as police officers.

The second element requires more explanation. The fourth amendment to the United States Constitution guarantees people the right not to be unreasonably seized by government officials, including police officers. This right is violated if a police officer subjects a person to excessive force. The right of a police officer to stop and arrest a person necessarily carries with it the right to use some degree of physical coercion or contact to effect the arrest. This does not mean, however, that the officer may use excessive amounts of force.

Force is excessive, and use of such force constitutes a violation of a person's rights under the fourth amendment if the amount of force used would not be considered reasonable by a reasonably competent police officer in the circumstances presented at the exact time that the police officer used such force. The test is not whether the defendant thought his/her use of force was reasonable, but rather it is an

objective standard: would a reasonably competent police officer consider the use of such amount of force under the circumstances at the time the force was used?

Applying this standard requires careful attention to the facts and circumstances of the case, including the severity of the crime at issue, whether the plaintiff posed a immediate threat to the safety of the officer or others, and whether the plaintiff was actively resisting arrest or attempting to evade arrest by flight.

The reasonableness of a particular use of force must be judged from the perspective of a reasonable officer on the scene, rather than with the 20-20 vision of hindsight. Not every push or shove, even if it may later seem unnecessary in the peace of the courtroom, violates the fourth amendment. Your assessment of reasonableness must allow for the fact that the police officer may have had to make a split-second judgment concerning the amount of force that was necessary in circumstances that were tense, uncertain and rapidly evolving.

The issue is whether the force used was reasonable, not the officer's intent or frame of mind. An officer's bad intentions or hostile frame of mind toward the plaintiff will not make a fourth amendment violation out of the use of force that is a reasonable amount of force under the circumstances. An officer's good intentions will not make constitutional what is, in fact, an unreasonable use of force.

The facts are in dispute as to what the circumstances were when the defendants acted.

You must determine what the circumstances were, as they presented themselves to the defendant, at the precise time that he acted. If you find that the

defendant was in danger because of some conduct of his own, the fact that the police officer's own actions contributed to his/her being in danger has no bearing on the issue of whether the force used was excessive. You are simply to determine what the situation was at the time the defendant used force, and whether a reasonably competent police officer would not have used such force under the circumstances at the time.

The third element that the plaintiff must establish is that the defendants' use of force was the proximate cause of the injuries or losses that the plaintiff sustained. An injury or loss is proximately caused by an action if that action was a substantial factor in bringing about the injury or the loss. The injury or loss must also be either a direct result or a reasonably probable consequence of the act of the defendants. In other words, the plaintiff must satisfy you that his/her injuries or losses were the natural and probable consequence of the defendant's acts, and that the defendants ought to have foreseen that injury or loss was likely to result from such acts.

## AUTHORITY

Graham v. Connor, 490 U.S. 392 (1989); U.S. Constitution, amend. IV; 42 U.S.C. §1983; Connecticut Civil Jury Instructions, Section 6.1.

## ASSAULT AND BATTERY

"Assault" and "Battery" Defined:

The law protects the physical integrity of every person from all unnecessary and unwarranted violation or interference.

Any intentional attempt or threat to inflict injury upon the person of another, when coupled with an apparent present ability to do so, and an intentional display of force such as would give the victim reason to fear or expect immediate bodily harm, constitutes an "assault." An "assault" may be committed without actually touching or striking, or doing bodily harm to the person of another.

Any intentional use of force upon the person of another is a "battery". So, the least intentional touching of the person of another, if accompanied by an intentional use or display of force such as would give the victim reason to fear or expect immediate bodily harm, constitutes a "battery".

## AUTHORITY

See generally, Restatement (Second) of Torts §§ 13 and 24; Prosser & Keeton, Law of Torts §§ 9 and 10.


## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

Essential Elements of Claim:

In order to find for plaintiff Alan P. Clark on plaintiff's claim of intentional infliction of emotional distress, plaintiff must show by a preponderance of the evidence the following:

6

One: the conduct of defendants Dowty, Wilcox and Boynton was extreme and outrageous;

Two: defendants' conduct was intentional or reckless;

Three: plaintiff suffered emotional distress as a result of defendants' conduct; and,

Four: plaintiff Alan P. Clark's emotional distress was severe

## AUTHORITY

See generally, Restatement (Second) of Torts § 46, Comments d and j (1965); Prosser & Keeton, Law of Torts §12.

## DAMAGES

The rule of damages is as follows. Insofar as money can do it, the plaintiff is to receive fair, just and reasonable compensation for all injuries and loss, past and future, which are proximately caused by the defendants' liability. Under this rule, the purpose of an award of damages is to compensate the plaintiff for his resulting injuries and losses. You must attempt to put the plaintiff in the same position, as far as money can do it, that he would have been in had the defendants not been liable.

Our law imposes certain rules to govern the award of damages in any case where liability is proven. Just as the plaintiff has the burden of proving liability by a fair preponderance of the evidence, he has the burden of proving his entitlement to recover damages by a fair preponderance of the evidence. To that end, the plaintiff must prove both the nature and extent of each particular loss or injury for which

7

he/she seeks to recover damages and that the loss or injury in question was proximately caused by the defendants' liability. You may not guess or speculate as to the nature or extent of the plaintiff's losses or injuries. Your decision must be based on reasonable probabilities in light of the evidence presented at trial. Injuries and losses for which the plaintiff should be compensated include those he has suffered up to and including the present time and those he is reasonably likely to suffer in the future as a proximate result of the defendants' liability.

Once the plaintiff has proved the nature and extent of his compensable injuries and losses, it becomes your job to determine what is fair, just and reasonable compensation for those injuries and losses. There is often no mathematical formula in making this determination. Instead you must use human experience and apply sound common sense in determining the amount of your verdict.

In a personal injury action, there are two general types of damages with which you must be concerned: economic and noneconomic damages. Economic damages are monies awarded as compensation for monetary losses and expenses which the plaintiff has incurred, or is reasonably likely to incur in the future, as a result of the defendants' liability. They are awarded for such things as the cost of reasonable and necessary medical care and lost earnings. Noneconomic damages are monies awarded as compensation for non-monetary losses and injuries which the plaintiff has suffered, or is reasonably likely to suffer in the future, as a result of the defendants' liability. They are awarded for such things as physical pain and

suffering, mental and emotional pain and suffering, and loss of diminution of the ability to enjoy life's pleasures.

The plaintiff is entitled to recover the reasonable value of medical care and expenses incurred for the treatment of injuries sustained as a result of the defendants' liability. The plaintiff must prove that the expenses he claims were reasonably necessary and proximately caused by the defendants' liability.

The plaintiff is also entitled to recover any loss of earnings or earning capacity that he proves to have been proximately caused by the defendants' liability. With respect to lost earnings up to the present time, the plaintiff must prove that the defendants' liability has prevented him from receiving the earnings for which he seeks compensation. He must do so by establishing a reasonable probability that his injury brought about a loss of earnings. The evidence must establish a basis for a reasonable estimate of that loss.

The plaintiff is also entitled to damages for the loss of future earnings based upon the evidence as to what he probably could have earned but for the harm caused by the defendants' liability and as to what the plaintiff can now earn through the earning period of his life.

A plaintiff who is injured by the liability of another is entitled to be compensated for all physical pain and suffering, mental and emotional suffering, loss of the ability to enjoy life's pleasures, and permanent impairment or loss of function that he proves by a fair preponderance of the evidence to have been proximately caused by the defendant' liability. As far as money can compensate the plaintiff for

9

such injuries and their consequences, you must award a fair, just, and reasonable sum. You simply have to use your own good judgment in awarding damages in this category. You should consider the nature and duration of any pain and suffering that you find.

A plaintiff who is injured by the liability of another is entitled to be compensated for mental suffering caused by the defendant's liability for the results which proximately flow from it in the same manner as he is for physical suffering.

You should consider, as a separate category for awarding damages in this case, the length of time the plaintiff was, or will probably be, disabled from engaging in activities which he enjoys.

If you find that it is reasonably probable that he has suffered permanent physical harm, loss of function or disfigurement, the plaintiff is entitled to be compensated for that category of injury. Your award should be in accordance with the nature and extent of such physical impairment, loss of function or disfigurement and the length of time he is reasonably expected to endure its negative consequences.

## AUTHORITY

Connecticut Civil Jury Instructions, Sec 2-40(a)

## PUNITIVE DAMAGES

The plaintiff, Alan P. Clark, also seeks punitive damages. The plaintiff can recover punitive damages if you find that the defendants had a reckless indifference

to the rights of the plaintiff or committed an intentional or wanton violation of the plaintiff's rights.

## AUTHORITY

Hi-Ho Tower, Inc. v. Com-Tronics, Inc., 255 Conn. 20, 29-31 n.8(2000).

Connecticut Civil Jury Instructions, Section 7.17.

PLAINTIFF, ALAN P. CLARK

By_____

Brian J. Woolf, Esq.
THE LAW OFFICES OF BRIAN J.WOOLF, LLC
50 Founders Plaza
East Hartford, CT 06108
Tel. No. (860) 290-8690
Federal Bar No.: 10227
His Attorneys

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| ALAN P. CLARK | : | 3:05cv1345 (WWE) |
| Plaintiff, | : | |
| | : | |
| Vs. | : | |
| | : | |
| TIMOTHY DOWTY, KEVIN WILCOX, | : | |
| JARED BOYNTON AND | : | |
| THE TOWN EAST HAMPTON | : | NOVEMBER 9, 2007 |
| Defendants. | | |

## PLAINTIFF'S PROPOSED VOIR DIRE QUESTIONS

Pursuant to the Court's Pre-Trial Order, the plaintiff, Alan P. Clark, in the above-captioned action respectfully requests that the Court question the members of the proposed jury panel as follows. The plaintiff also requests permission to supplement or revise these proposed voir dire questions at any time prior to jury selection.

1. Are you or any near relative an employee or former employee of the Town of East Hampton?

2. Are you or any near relative an employee or former employee of any Town, City, State or Federal governmental entity?

3. Are you or any near relative a present or former law enforcement officer?

    - Who?

    - What law enforcement agency?

4. Are you or any near relative a present or former employee of a private security

company?

     5. Have you ever been arrested?

          - Nature of charge(s)?

          -Disposition?

     6. Have you ever had any contact with a local, State or Federal law enforcement agency?


PLAINTIFF, ALAN P. CLARK

BY_____

Brian J. Woolf, Esq.
THE LAW OFFICES OF BRIAN J.WOOLF, LLC
50 Founders Plaza
East Hartford, CT 06108
Tel. No. (860) 290-8690
Federal Bar No.: 10227
His Attorneys

| | | |
|---|---|---|
| ALAN P. CLARK | : | 3:05cv1345 (WWE) |
| Plaintiff, | : | |
| | : | |
| Vs. | : | |
| | : | |
| TIMOTHY DOWTY, ET AL. | : | |
| Defendants. | : | NOVEMBER 15, 2007 |

## DEFENDANTS' PROPOSED VOIR DIRE QUESTIONS

1.  Have you, any member(s) of your family or any close friends ever sued or made a claim for damages against the police?

2.  Have you, any member(s) of your family or any close friends made any formal complaint against a police officer?

3.  Have you, any member(s) of your family or any close friends been involved in what you would consider to be a negative or unpleasant situation with the police?

4.  Have you, any member(s) of your family or any close friends ever been involved in a police investigation? If so, how were you involved in the investigation? Do you feel that your previous involvement in this type of situation would be likely to affect your ability to be completely objective and impartial in this case?

5.     Have you, any member(s) of your family or any close friends ever been questioned by a police officer? Do you feel that your previous involvement in this type of situation would be likely to affect your ability to be completely objective and impartial in this case?

6.     Do you feel that your previous involvement in any of these situations would be likely to affect your ability to be completely objective and impartial in this case?

7.     Have any of you ever served on a jury which heard claims of police misconduct or violation of constitutional rights?

8.     Have any of you heard or read anything about the East Hampton Police Officers Timothy Dowty, Kevin Wilcox or Jared Boyton or the Hamden Police Department or its officers, or heard or read anything about police officers in general, which would in any way interfere with your ability to be completely objective and impartial concerning the evidence of this case?

9.     Do any of you have any strong opinions, ideas or thoughts about claims of deprivation of constitutional rights, specifically, excessive force, such as I have outlined it to you? If so, would you please describe?

10.    Would any of your feelings or ideas concerning claims similar to the ones before us today as I have described them to you prevent you from being absolutely fair and impartial in considering this case solely on the basis of the evidence and the law as the court will give it to you?

11.     If the court were to instruct you that the law applicable to this case could result in your having the duty to send the plaintiff away with no recovery, would you have any difficulty in making that decision?

12.     In considering this case, would you be able to put aside any feeling of sympathy you may have for the plaintiff, and decide this case solely on the basis of the evidence and the law as the Court will give it to you?

13.     Have you or any one you know sustained injuries or damages in any type of incident involving police officers? Do you feel that your involvement in or knowledge of these situations would likely affect your ability to be completely objective and impartial in this case.

14.     Have you or anyone you know ever worked for the Town of East Hampton? Please describe.

15.     In considering this case, would you be able to put aside any feeling of sympathy you may have for the plaintiff, and decide this case solely on the basis of the evidence and the law as the Court will give it to you?

16.     Do you believe that police officers should never use force upon a person that they are arresting, regardless of the circumstances?

17.     Do you believe that, in general, police officers are inclined to use an excessive amount of physical force in performing their duties?

18.     Have you or any one you know ever been personally injured by a police officer?

19. Have you or anyone you know ever worked for a municipality? Please describe.

Respectfully Submitted
THE DEFENDANTS,

By

David C. Yale
Federal Bar #ct26912
Noble, Spector, Young & O'Connor
One Congress Street
Hartford, CT 06114
Phone: 860-525-9975
Fax: 860-727-9915
yale@nsyolaw.com

| | | |
|---|---|---|
| ALAN P. CLARK | : | 3:05cv1345 (WWE) |
| Plaintiff, | : | |
| | : | |
| Vs. | : | |
| | : | |
| | : | |
| TIMOTHY DOWTY, ET AL. | : | |
| Defendants. | : | NOVEMBER 15, 2007 |

## **DEFENDANT'S PROPOSED JURY INSTRUCTIONS**

### EXCESSIVE FORCE

The Fourth Amendment to the United States Constitution provides to every citizen the right to be secure in his or her person against unreasonable seizures by the police. A "seizure" or arrest is reasonable and lawful if it is supported by probable cause. A police officer is entitled under the law to use reasonable force if necessary to make an arrest, and for certain other purposes. However, a police officer may not use force which is excessive, even if he is making a lawful arrest. Whether or not a police officer is justified in using force to complete an arrest, and if so how much force that officer is justified in using, are determined by the Fourth Amendment standard of "reasonableness."

In this case, it is not disputed that some force was used to effect the lawful arrest of the plaintiff. You must therefore decide whether the plaintiff has proven that he was subjected to excessive force as he claims, in that the force used by the officers was unreasonable under the circumstances. It was the plaintiff's burden to prove his claim, as I have instructed you.

Under our Constitution, police officers are authorized during an arrest to use that amount of force reasonably necessary to accomplish the purpose of the arrest, control the situation and protect the officers or others during the arrest. In weighing the conduct of the police officers, you must give due consideration to their experienced judgment, and you must consider their legitimate concern for their own safety. The officers at the scene may properly consider such factors as the nature of the crime involved, whether the suspect poses an immediate threat to them or others, and whether he is actively resisting arrest or attempting to avoid arrest by fleeing. If you find that these defendants could reasonably have believed their actions were necessary to accomplish the purpose of the arrest, maintain and control the plaintiff and to protect themselves or others, then you must conclude that their actions were lawful under the Constitution and you must find for the defendant police officers on this issue.

The consideration of these matters must make allowance for the fact that police officers are often forced to make split-second judgments – in circumstances that are tense,

uncertain and rapidly evolving – about the amount of force that is necessary in a particular situation. Therefore, in examining the claim of the plaintiff that excessive force was used against him, you must look at the situation from the perspective of a reasonable officer on the scene at that moment, taking into consideration all the circumstances which you find to have existed at the time, as the officer reasonably could have perceived them to be. You must avoid evaluating the officers' conduct based on the "20/20 vision of hindsight".

Not every push, shove or other physical contact, even if it may later seem unnecessary in the peace of a judge's chambers, violates the Constitution. If an officer reasonably, but mistakenly, believed that a suspect was likely to fight back, for instance, the officer would be justified in using more force than in fact was needed. The question is, was the officer's conduct within a reasonable range of appropriate police responses. It was plaintiffs' burden to prove it was not.

If you find from the evidence in this case that a defendant used more force against plaintiffs than might have appeared to a reasonable police officer in similar circumstances to be necessary, then you may find that the officer used excessive force against the plaintiffs, contrary to the Constitution of the United States. However, if you find that the defendant used only reasonable force; that is, that a reasonable officer, faced with the circumstances these

officers were faced with, could have acted in a similar manner, considering those factors I have already expressed to you, then you must find that the plaintiffs' constitutional rights were not violated, and return a verdict for the defendants on the plaintiffs' constitutional claim of excessive force.

If you do find from the evidence in this case that excessive force was used against the plaintiffs, that does not necessarily mean that the plaintiffs are entitled to judgment against a defendant. If you do find that the force utilized here was excessive, then you must consider whether the defendant(s) is/are entitled to qualified immunity from liability as to plaintiffs' claims.

Saucier v. Katz, 121 S.Ct. 2151 (2001).
Graham v. Connor, 490 U.S. 386, 109 S. Ct. at 1865 (1989).
U.S. v. Harley, supra, 682 F.2d at 402, citing U.S. v. White, 648 F.2d, 29, 36 (D. C. Cir.) cert. denied 102 S.Ct. 424 (1981).

## SECTION 1983: THE STATUTE

Plaintiff's claims arise in part under the federal civil rights law which provides a remedy for individuals who have been deprived of their constitutional rights under color of state law. Section 1983 of Title 42 of the United States Code states:

> Every person who, under color of any statute, ordinance, regulation, custom or usage of any State ..., subjects or causes to

be subjected, any citizen of the United States ... to the deprivation of any rights, privileges or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law.

Sand, et al., Modern Federal Jury Instructions, Instruction 86-65.


## SECTION 1983: ELEMENTS

As I have indicated, plaintiff claims that his constitutional rights were violated because defendants unlawfully performed an alleged strip search while he was jailed at the Middletown Police Department following his lawful arrest. To prove these claims, the plaintiff must prove, by a preponderance of evidence, each of the following elements:

First, that defendants acted under color of state law;

Second, that defendants violated that plaintiff's constitutional rights by detaining them without reasonable suspicion of criminal activity and by using force which was excessive under all the circumstances; and

Third, that defendants' acts were the proximate cause of any damages sustained by plaintiff.

It is not necessary under this statute to find that defendants specifically intended to deprive a plaintiff of his constitutional rights. Instead, a plaintiff is entitled to relief if a

defendant intentionally or recklessly engaged in particular actions that resulted in a violation of that plaintiff's constitutional rights. However, mere negligence on the part of the defendants is not enough to create liability under 42 U.S.C. § 1983.

An act is intentional if it is done knowingly, that is, if it is done voluntarily and deliberately and not because of accident, mistake, negligence or other innocent reason. An act is reckless if it is done in conscious disregard of its known probable consequences. On the other hand, an act is merely negligent if a defendant's conduct was not appropriate in the circumstances but the defendant did not act intentionally or recklessly.

In determining whether a defendant acted intentionally or recklessly, you should remember that while witnesses may see and hear and so be able to give direct evidence of what a person does or fails to do, there is no way of looking into a person's mind. Therefore, you have to depend on what was actually done and what the people involved said was in their minds, and your belief or disbelief with respect to those facts.

Here, the parties agree that defendants acted under the color of state law, so you need not consider that issue. I will now discuss separately the particular elements of plaintiffs' unlawful detention and excessive force claims.

Charge to the Jury delivered by the Honorable Jose A. Cabranes in <u>James F. Altham, Jr. v. Philip Beamon</u>, Civil No. N-86-387(JAC) (D. Conn. April 8, 1991), at 17; Sand, et al., Instructions 87-68.

Sand, Instructions 87-75-77 (significantly adapted).

## POLICE DUTIES

Police officers are under an affirmative duty to preserve law and order, and to protect the personal safety of persons in the community. In performing their duties, it would be unreasonable to require that police officers take unnecessary risks in the performance of their duties. Accordingly, police officers are justified in using those reasonable means necessary upon another person, when and to the extent that they reasonably believe it necessary to perform their essential police duties, investigate crime or to effect a detention.

<u>Terry v. Ohio</u>, 392 U.S. 1 (1968)

## QUALIFIED IMMUNITY

In considering plaintiff's § 1983 claims that he was subjected to excessive force, you may also consider one of the defendants' affirmative defenses; namely, that they are entitled to qualified immunity, and that they cannot be held liable in their individual capacity to the plaintiff for damages under the law.

You are instructed that all government officials, including police officers are entitled in proper cases to the defense of qualified immunity against claims under the Constitution for money damages. This defense is intended to protect officers from liability arising from the performance of their duties, such as the use of force and investigation of reports of criminal activity. These officers must routinely make close decisions in order to exercise the discretionary authority which is delegated to them. The qualified immunity defense protects such officers from liability unless they are plainly incompetent or knowingly violated the law.

You are instructed that conduct is "objectively reasonable" unless it is obvious that no reasonably well-trained officer would have taken the same action under the same or similar circumstances. If you find that a defendant's actions were objectively reasonable under the circumstances, even if they did violate the plaintiff's constitutional right to be free from excessive force, then the defendant is entitled to qualified immunity and you must find in his favor. Even if reasonable officers could disagree about whether the amount of force utilized was reasonable the defendant officers are entitled to judgment in their favor.

Harlow v. Fitzgerald, 457 U.S. 800 (1982).
Finnegan v. Fountain, 915 F.2d 817 (2d Cir. 1990).

**ASSAULT**

The plaintiff is also claiming damages under state law for physical injuries which he alleges were inflicted upon him by the defendants; that is, the plaintiff bases his claims upon what is ordinarily spoken of as an assault. Without bothering you with certain technical aspects of the law involved in this claim, I shall use the word "assault" in the meaning usually given to it by men not skilled in the law. So used, an assault may be defined as an unlawful application of force or violence to the person of another. That definition involves two elements: first, force or violence must be applied to the person of another, and second, the application of the force or violence must be unlawful. To be a basis of recovery the application of force or violence must, by reason of intent, the wanton conduct, or the negligence of the party charged with the offense, be unlawful. From that it follows that if the force or violence applied to the person of the plaintiff was the result of mere accident, apart from intention, wantonness or negligence, it was not unlawful and the plaintiff cannot recover.

Here, the Plaintiff claims that he was assaulted by the Defendants when they handcuffed him and struck him with their flashlights. In summary, therefore, the plaintiff must have proved to you by a fair preponderance of the evidence that the defendants did unlawfully apply force or violence to his person; and unless the plaintiff has so proved, your verdict must be for the defendants on plaintiff's claim of assault.

NOBLE, SPECTOR, YOUNG & O'CONNOR, P.C. · ATTORNEYS AT LAW
ONE CONGRESS STREET · HARTFORD, CT 06114-1067 · JURIS NO. 409138 · TEL: (860) 525-9975 · FAX (860) 525-9985

Wright, Connecticut Jury Instructions, Section 400

## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

In order to succeed on a claim for intentional infliction of emotional distress, a Plaintiff must establish the following: "(1) that the actors intended to inflict emotional distress or that they knew or should have known that the emotional distress was a likely result of their conduct; (2) that the conduct was extreme and outrageous; (3) that the defendants' conduct was the cause of the plaintiffs' distress; and (4) that the distress suffered by the plaintiffs was severe." In order to state a cognizable cause of action, Plaintiffs must not only allege each of the four elements, but also must allege material facts sufficient to support them.

With respect to the essential elements of the first prong of a claim of emotional distress, the Plaintiff must prove that the Defendants knew or should have known that their actions would cause the Plaintiff to suffer severe emotional distress.

With respect to the second prong, the Plaintiff must prove that the defendants' actions were "extreme and outrageous."

The general rule "is that there is liability for conduct exceeding all bounds usually tolerated by a decent society, of a nature which is especially calculated to cause, and does cause, mental distress of a very serious kind."

The third prong requires the Plaintiff to produce evidence that the Defendants caused Plaintiff's emotional distress.

Finally, the fourth prong of the elements for the claim of intentional infliction of emotional distress requires that the Plaintiff suffered "extreme" distress. Liability has been found only where the conduct had been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in civilized society. Mere insults, indignities, or annoyances that are not extreme or outrageous will not suffice.

Appleton v. Stonington Bd. of Ed., 254 Conn. 205, 210 (2000), citing Petyan v. Ellis, 200 Conn. 243, 253 (1986).

Meyers v. Bunker Ramo Corp., No. B-90-506 (JAC), 1992 U.S. Dist. LEXIS 5336, at *26 (D. Conn. 1992).

Mellaly, 42 Conn. Supp. At 19-20, quoting W. Prosser & W. Keeton, Torts § 12, at 60 (5th ed. 1984); see also Restatement (Second) of Torts § 46, cmt. (d) (1965. Brown v. Ellis, 40 Conn. Supp. 165, 167 (Conn. Super. Ct. 1984)

**NEGLIGENCE**

Some of the plaintiffs' claims are based upon state common law negligence theory. In general, negligence consists of a failure to use reasonable care, that is, the care which an ordinarily prudent person would use under the circumstances of the particular case.

In determining the care that a reasonable prudent police officer would use in the same circumstances as those with which the defendants were presented, you should consider all of the circumstances which were known or should have been known to the defendants at the time of their investigative stop. Whether care is reasonable depends upon the dangers that a reasonable police officer would perceive in those circumstances.

If you find that the plaintiffs have proven, by a preponderance of the evidence, that the defendants failed to exercise reasonable care in carrying out the investigative detention, and that the plaintiffs suffered injuries as a proximate result of such failure, then you may find for the plaintiff. If, on the other hand you find that the conduct of the defendants was reasonable under the circumstances, then you must find for the defendants.

Hoelter v. Mohawk Services, Inc., 170 Conn. 495, 501 (1976)
Galligan v. Blais, 170 Conn. 73, 77 (1976)
Pressure Beach Park Co. v. Bridgeport Dredge & Dock Co., 116 Conn. 496, 503 (1933).
Geoghegan v. G. Fox & Co., 104 Conn. 129, 134 (1926).

**COMPARATIVE NEGLIGENCE**

Even if you find that the defendants were negligent, the defendants raise the issue of plaintiffs' own contributory or comparative negligence, which, if proved, is conduct by him that involves an undue risk of harm to himself. The defendant has the burden of proving this special defenses by a preponderance of the evidence. Connecticut has adopted rules of law concerning the doctrine of contributory negligence and the application of the rules of so-called comparative negligence. The law provides as follows: In causes of action based on negligence, contributory negligence shall not bar recovery in an action by any person to recover damages resulting from personal injury or damage to property, if the contributory negligence was not greater than the combined negligence of the person or persons against whom recovery is sought. Any damages allowed shall be diminished in the proportion of the percentage of negligence attributable to the person recovering.

The standard for determining what acts are "negligent" are the same for both the plaintiff's and the defendant's claims. In applying this law of comparative negligence to the defendants' special defense in this case, you must first consider whether the plaintiff was negligent in a way that was a substantial factor in bringing about any injury you find he sustained. His negligence may have been too slight or inconsequential to be regarded as a substantial factor. If you find that the incident would have happened whether or not the

plaintiff had been negligent, his negligence would not be a cause and would not operate either to defeat his cause of action or to diminish his damages. If, on the other hand, you find that the plaintiff's negligence was the sole proximate cause of the incident and his injuries or was a substantial factor in causing them, and that plaintiff's negligence was greater than that of the defendant, then you must conclude that the plaintiff is barred from recovery and your verdict must be for the defendant.

Finally, if you find that the plaintiff's negligence was less than or equal to that of defendant's negligence in causing this incident, then you must conclude that the plaintiff's negligence does not operate as a bar to recovery by him, but his damages are to be diminished.

## PLAINTIFF'S DUTY OF CARE

As I have previously instructed you, the defendants had an obligation to exercise care which a reasonably prudent person would exercise under the circumstances. The plaintiffs were under the same obligation. A plaintiff is negligent if he does something which a reasonably prudent person would not have done under similar circumstances or fails to do that which a reasonably prudent person would do under the circumstances. Specifically, the

defendants assert a special defense that if plaintiffs were injured and damaged as alleged, their negligence was the proximate cause of such injury and damages.

## STATE OF MIND – INTENTIONAL

An act is intentional if it is done knowingly, that is if it is done voluntarily and deliberately and not because of mistake, accident, negligence or other innocent reason. In determining whether the defendants acted with the requisite knowledge, you should remember that while witnesses may see and hear and so be able to give direct evidence of what a person does or fails to do, there is no way of looking into a person's mind. Therefore, you have to depend on what was done and what the people involved said was in their minds and your belief or disbelief with respect to those facts.

Modern Federal Jury Instruction, §87.03, Instructions 87-76.


## STATE OF MIND – RECKLESSNESS

An act is reckless if done in conscious disregard of its known probable consequences. In determining whether the defendants acted with the requisite recklessness, you should remember that while witnesses may see and hear and so be able to give direct evidence of what a person does or fails to do, there is not way of looking into a person's mind. Therefore,

you have to depend on what was done and what the people involved said was in their minds and your belief or disbelief with respect to those facts.

Modern Federal Jury Instruction, §87.03, Instructions 87-77.

### STATE OF MIND – NEGLIGENCE

An act is negligent if the defendants were under a duty or obligation recognized by law, that required them to adhere to a certain standard of conduct to protect others against unreasonable risks, and they breached that duty or obligation.

Modern Federal Jury Instruction, §87.03, Instructions 87-78

### DAMAGES

In this case, the plaintiff seeks to recover money damages for his alleged losses. You should not consider the question of damages unless you have determined, first, that the defendants violated the constitutional rights of the plaintiff, or assaulted the plaintiff, as I have instructed you on these causes of action.

You must not speculate or guess as to damages. It is the plaintiff's burden to prove each element, item and amount of damages, not the defendants' burden to disprove them.

Adapted from Jury Charge by Cabranes, J. in the case Albert, et al. v. DePinto, et al., Civ. No. H82-511(JAC).

## COMPENSATORY DAMAGES

Just because I am instructing you on how to award damages does not mean that I have any opinion on whether or not the defendants should be held liable.

If you return a verdict for the plaintiff, then you must consider the issue of actual damages.

Only if you return a verdict for the plaintiff, must you award him such sum of money as you believe will fairly and justly compensate him for any loss you believe he actually sustained as a direct consequence of the conduct of the defendants.

A plaintiff can recover as compensatory damages only those items of damage, if any, that are justified by the pleadings and the proof. That is, your findings as to damages must be within the allegations of the plaintiff's complaint.

You shall award actual damages only for those losses which you find that the plaintiff has proven by a preponderance of the evidence. Moreover, you shall award actual damages only for those losses which you find plaintiff has proven by a preponderance of evidence to have been the direct result of conduct by the defendants, as I have instructed you. That is, you may not simply award actual damages for losses suffered by plaintiff - you must award actual damages only for those losses that are a direct result of actions by the defendants.

Actual damages must not be based on speculation or sympathy. They must be based on the evidence presented at trial, and only on that evidence.

Sand, et al., Modern Federal Jury Instructions, 87-23; Smith v. Wade, 461 U.S. 30, 103 S.Ct. 1625, 75 L.Ed2d 632 (1983); Carey v. Piphus, 435 U.S. 247, 98 S.Ct 1042, 55 L.Ed2d 252 (1978); Memphis Community District v. Stachura, 106 S.Ct. 2537 (1986).

## MULTIPLE DEFENDANTS

As you know from the pleadings and opening statements in these cases, there is one plaintiff and four defendants involved in this trial. The rights of the plaintiff or defendants are separate, not joined.

Although there are several defendants in this action, it does not follow from that fact alone that if one is liable, all are liable. Each defendant is entitled to a fair consideration of the plaintiff's claims against him and of each defendant's own defense to those claims, and is not to be prejudiced by the fact, if it should become a fact, that you find against another.

Wright and Ankerman, Connecticut Jury Instructions, §§ 598 pp. 963-64
Devitt & Blackmar, Federal Jury Practice and Instructions, 3d Ed. §71.06

The plaintiff may not recover twice for the same injury. Accordingly, if you find that the plaintiff is entitled to a verdict on both the excessive force claim and the claim for intentional infliction of emotional distress, you may not compensate him twice for any emotional distress he might have suffered.

Bender v. City of New York, et al., 78 F.3d 787 (2nd Cir. 1996).

## PUNITIVE DAMAGES

If you decide to award compensatory or nominal damages to the plaintiff, you may then consider whether or not to award them punitive damages. The law permits the jury, under certain circumstances, to award punitive damages in order to punish a wrongdoer for some exceptional misconduct and to serve as an example or warning to others not to engage in wrongful conduct.

If you find that the act of the defendant was done maliciously, wantonly, or in reckless or callous disregard or indifference to the federally protected rights of the plaintiff, then you may award punitive damages as you find proper.

Whether or not to make any award of punitive damages is a matter exclusively within the province of the jury. However, you must bear in mind that punitive damages are only

allowed if you have first found that the plaintiff is entitled to compensatory damages, even if

such damages are nominal. You must also bear in mind that the law requires that punitive

damages, if awarded, be fixed with calm discretion and sound reason. They must never be

awarded, or fixed in amount, because of bias, sympathy or prejudice with respect to any party

to the case.

Memphis Community School District v. Stachura, 477 U.S. 299, 106 S.Ct. 2537, 91 L.Ed.2d

249 (1986); Smith v. Wade, 461 U.S. 30, 103 S.Ct. 1625, 75 L.Ed.2d 632 (1983); City of

Newport v. Fact Concerts, Inc., 453 U.D. 247, 101 S.C5. 2748, 69 L.Ed.2d 616 (1981);

Carlson v. Green, 446 U.S. 14, 100 S.Ct. 1468, 64 L.Ed.2d 15 (1980); Carey v. Piphus, 435

U.S. 247, 98 S.Ct. 1042, 55 L.Ed.2d 252 (1978); Vasbinder v. Ambach, 926 F.2d 1333 (2d

Cir. 1991).


## CREDIBILITY OF WITNESSES

You may properly apply to the testimony of any witness your own knowledge of

human nature and of the motives which influence and control human action. You have the

right to bring to bear upon testimony in court the same tests of veracity which would be used

in everyday affairs of life. You are at liberty, within your own sound judgment, to choose what testimony you believe and to discard in whole or part the testimony of any others.

(a) The credibility of witnesses and the weight to be given to their testimony are matters which it is peculiarly your function to determine. However, I may properly make certain suggestions to you:

(b) In weighing the testimony of a witness, you should consider the witness's appearance upon the stand; you should try to size the witnesses up; you should have in mind all those little circumstances which point to the witness's truthfulness or untruthfulness. You should consider any possible bias or prejudice he/she may have whether for or against either party; his or her interest or lack of interest, of whatever sort, in the outcome of the trial; his or her ability to observe facts correctly, and to remember and relate them truly and accurately.

(c) The credit that you will give to the testimony offered by the various witnesses is, as I say, something which you must determine. Where a witness testifies inaccurately and you do not think that the inaccuracy was consciously dishonest, you should bear that in mind and scrutinize the whole testimony of that witness. Thus, if you find that there has been inaccuracy in one respect upon the part of a witness, remember it in judging the rest of his testimony, and give to it that weight which your own mind leads you to think it ought to have,

and which you would attach to it in the ordinary affairs of life where anyone came to you in a

matter and you found that, in some particular, he was inaccurate.

Raia v. Topehius, 165 Conn. 231, 234-35 (1973); Willametz v. Guida-Seibert Dairy Co., 1547 Conn. 295 (1968); Gates v. Crane Co., 107 Conn. 201 (1928).

Respectfully Submitted
THE DEFENDANTS,

By

David C. Yale
Federal Bar #ct26912
Noble, Spector, Young & O'Connor
One Congress Street
Hartford, CT 06114
Phone: 860-525-9975
Fax: 860-727-9915
yale@nsyolaw.com

## CERTIFICATION

This is to certify that a copy of the foregoing has been mailed, postage prepaid, this 19th day of

November, 2007, to the following counsel of record:

Brian J. Woolf, Esquire
50 Founders Plaza
East Hartford, CT 06108

David C. Yale

Chief Clerk
USDC
915 Lafayette Boulevard
Bridgeport, CT 06604